FILED
99 DEC -7 AM 10: 59
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
DEC -7 1999

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LORI L. ANDREWS ABRAMSON, et al., | }<br>}<br>} |
| Plaintiffs, | } CIVIL ACTION NO. |
| v. | }<br>} 99-AR-2910-S |
| MARK ROBERTS, et al., | }<br>} |
| Defendants. | } |

**MEMORANDUM OPINION**

The court has for *sua sponte* consideration the question of its jurisdiction upon the removal of the above-entitled case to this court from the Circuit Court of Jefferson County, Alabama. Only to the extent this court has jurisdiction does it need to deal with the questions presented by the removing defendants' motions to compel arbitration and to dismiss both filed simultaneously with the notice of removal.

Plaintiffs, Lori L. Andrews Abramson and Scott Neil Abramson, strangely have filed a brief in support of this court's subject matter jurisdiction over both the federal and state law claims. Subject matter jurisdiction cannot be conferred by the consent of the parties. In view of plaintiffs' insistence on the efficacy of the defendants' removal of the case, it is not strange that plaintiffs fail to mention *Reneau v. Oakwood Mobile Homes,* 952 F. Supp. 724 (N.D. Ala. 1997), in their brief. *Reneau* was a case

decided by this court. It is on "all fours" with the present case. In *Reneau* this court cried over spilt milk. There is no reason to cry twice over the same spilt milk. In order to be consistent with *Reneau,* this court will remand Counts One, Two, Three, Four, Five, and Six, all of which are state law claims that, according to the Eleventh Circuit's reasoning in *In Re City of Mobile*, 75 F.3d. 605 (11th Cir. 1992), are not "separate and independent" from the single federal claim contained in Count Seven and charging a violation of the Magnuson-Moss Act. This court therefore has no subject matter jurisdiction over any of plaintiffs' state law claims. The court has no discretion upon which it could refuse jurisdiction over the federal claim stated in Count Seven, a claim over which this court will necessarily retain jurisdiction. The court need not here repeat its entire rationale from *Reneau*.

Defendants' motion to dismiss, insofar as it is addressed to Count Seven, would not need to be addressed by this court if defendants' motion to compel arbitration were to be granted. However, the arbitration of the issues in Count Seven will not be ordered because this court agrees with *Wilson v. Waverly Homes, Inc.*, 954 F. Supp. 1530 (M.D. Ala. 1997), wherein Judge Thompson correctly recognized that the Magnuson-Moss Act expressly preserves a judicial forum for alleged violations of Magnuson-Moss and overrides what otherwise would be a binding arbitration agreement enforceable under the Federal Arbitration Act. The written

agreement upon which defendants depend in this case does not constitute what the Magnuson-Moss Act would allow, namely, an "informal dispute resolution procedure" as a prerequisite to court access. Instead, this agreement purports to provide an exclusive and binding non-judicial forum.

In view of the statutory preclusion of mandatory arbitration of a Magnuson-Moss claim, the arbitratility questions discussed and *Randolph v. Green Tree Financial Corp. - Alabama*, 178 F.3d 1149 (11th Cir. 1999), and *Green Tree Financial Corp. of Alabama v. Wampler*, 1999 WL 667292, ___ So. 2d ___ (Ala. 1999), which involve the arbitrability of non-Magnuson-Moss claims, will be matters for the state court to decide after remand.

An appropriate separate order will be entered.

DONE this 7th day of December, 1999.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE